UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELAINE WEST, an individual,

    Plaintiff,

v.                                              CASE NO. 3:21-cv-405-TJC-MCR

THE REALREAL, INC., a foreign
corporation,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Stay Discovery and Allow Limited Discovery Limited to Issues of Arbitration Enforcement ("Motion") (Doc. 7). To date, Plaintiff has not filed a response to the Motion and the time for filing a response has passed; therefore, the Motion is deemed to be unopposed. For the reasons stated herein, the Motion is **GRANTED in part** and **DENIED without prejudice in part**.

Defendant moves for an order staying all discovery pending resolution of its Motion to Compel Arbitration and Stay Proceedings Under the Federal Arbitration Act or, Alternatively, Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1) (Doc. 3). Defendant argues that "a stay of discovery on the merits would be appropriate to conserve judicial and party resources" considering "the high likelihood that

all of Plaintiff's claims will be either compelled to arbitration or dismissed." (Doc. 7 at 2.) In the event Plaintiff challenges its Motion to Compel Arbitration and Stay Proceedings Under the Federal Arbitration Act or, Alternatively, Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1), Defendant seeks leave to conduct "limited discovery relating to the enforceability of the arbitration agreement in order to prepare for an evidentiary hearing on the matter." (*Id.*)

Although, in general, motions to stay "are not favored because when discovery is delayed or prolonged it can create case management problems," *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997), in light of the lack of opposition to the request and the circumstances in this case, the Court finds it appropriate to grant the present Motion to the extent it seeks a stay of discovery. Defendant's Motion to Compel Arbitration and Stay Proceedings Under the Federal Arbitration Act or, Alternatively, Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1), if granted, would result in dismissal or stay of all of Plaintiff's claims pending completion of the arbitration proceedings. (*See* Doc. 3.) Further, the time for filing Plaintiff's response to Defendant's Motion to Compel Arbitration and Stay Proceedings Under the Federal Arbitration Act or, Alternatively, Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1) was extended until after the Court's ruling on Plaintiff's Motion to

Remand (Doc. 10).  (*See* Doc. 11.)  Given the procedural posture of this case, it is appropriate to stay discovery pending the Court's ruling on Defendant's Motion to Compel Arbitration and Stay Proceedings Under the Federal Arbitration Act or, Alternatively, Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1).  However, to the extent Defendant seeks leave to conduct limited discovery relating to the enforceability of the arbitration agreement, this part of the Motion is denied without prejudice to re-filing after the Court's ruling on Plaintiff's Motion to Remand.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 7**) is **GRANTED** to the extent it seeks a stay of discovery and **DENIED without prejudice** to the extent it seeks leave to conduct limited discovery relating to the enforceability of the arbitration agreement.

**DONE AND ORDERED** at Jacksonville, Florida, on May 20, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record